# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE, | Case No. 1:16-cv-01346-AWI-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| PEREZ, et al., | (ECF Nos. 31, 38) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Gregory Ell Shehee ("Plaintiff") is a county jail inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 4, 2017, the Court screened Plaintiff's first amended complaint and found that Plaintiff stated a cognizable claim for excessive force in violation of the Due Process Clause of the Fourteenth Amendment against Defendant Faith Perez for the purported two incidents which occurred in November 2014 and the one incident on February 8, 2015, and a cognizable claim for failure to protect in violation of the Due Process Clause of the Fourteenth Amendment against Defendant Lain, but failed to state any other cognizable claims against any other defendants. The Court ordered Plaintiff to either file a second amended complaint or notify the Court of his willingness to proceed only on the cognizable claims. (ECF No. 31.) Following several extensions of time, on February 23, 2018, Plaintiff requested that the Court proceed on the claims against Defendants Perez and Lain. (ECF No. 38.)

1

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## III. Allegations in Complaint

Plaintiff is currently housed at Fresno County Jail. The incidents at issue in this litigation occurred while Plaintiff was housed in Coalinga State Hospital, when he was civilly committed. Plaintiff names the following defendants: Faith Perez, Psychiatric Technician; Jack Carter, Chief of Police, Coalinga, Pamela Ahlin, Director of Department of State Hospitals; Audrey King, Executive Director of State Hospitals. In this amended complaint, Plaintiff also adds numerous other defendants: Jirri Lain,[1] Psych Technician, S. Perryman, B. Price, June (unknown last name),

---
[1] The Court cannot determine from Plaintiff's handwriting if the last name is Lan or Lain or Law. The Court will refer to "Defendant Lain."

K. Earl, J. Lain, Murphy (unknown last name), K. Reed, R. Gonzalez, Newmente, D. Landrum, R. Smith, Amber, Romero, Carlos, Veronica, J. Taylor, and possibly other defendants.[2] All defendants are sued in their individual and official capacities. Plaintiff's allegations are as follows:

As best the Court can decipher from the mostly illegible writing, Plaintiff alleges a sexual environment at the State Hospitals where there were patient-staff sex rings. Plaintiff alleges these sex rings existed from 2010 to about December 2015. He was concerned and all staff and many patients were involved and was known and condoned or should have been known and was condoned by executives, administrators and staff.

Plaintiff alleges that he was sexually abused by Defendant Perez. As best the Court can determine from reviewing the writing, Plaintiff had a conversation with Defendant Perez in 2014 and she said she likes chocolate. They went down the hall and no other staff or nurses looked up from their computers. Defendant Perez walked into Plaintiff's room and pulled the door closed. She performed a sex act on him and they had sex and she left the room. In what appears to be a separate incident, Plaintiff alleges that Defendant Perez performed a sex act on him in November 10 or 11, 2014 and they had intercourse. Plaintiff alleges that defendant Perez sexually assaulted him again on February 8, 2015. Plaintiff alleges she was custody staff and he was in fear of her. As best the Court can determine, Plaintiff complains of three incidences of sexual abuse by Defendant Perez and that he engaged in these sex acts because he was afraid, and she threatened to write bad and false things in his Health Medical Records, which could affect his review of his civil commitment.

On November 13, 2014, Plaintiff "enlightened" Defendant Jirri Lain "of the sexual abuse . . . from defendant Faith Perez." Plaintiff alleges that Defendant Perez saw Plaintiff with Defendant Lain, and Defendant Perez cursed at him and threatened to have more sex with Plaintiff. As best the Court can determine, Plaintiff alleges Defendant Perez continued to threaten him. Defendant Perez tried to get close to another patient from 11/13/14 throughout December

---

[2] Plaintiff also attaches a list of names of persons "involved." The list has some 60+ additional names. (ECF No. 30, p. 42 (Exh. G).) It is unclear if Plaintiff means to name all of these individuals as defendants.

2014, causing Plaintiff mental and emotional distress.  On 2/8/15, Defendant Perez forced him to have sex with her on Unit 1, which Plaintiff did out of fear of retaliation because she said that she, as a mandated medical reporter, would write bad or false things in his mental health records. Plaintiff alleges that he was forced to have sex with Defendant Perez 3 times, against his will out of fear of retaliation and which caused him emotional pain and suffering.

Plaintiff alleges from 2013 to February 8, 2015, the administrators denied plaintiff a basic review of Patient's rights and bedroom decoration and walks throughout the hospital.  Plaintiff could not communicate with administrators.

Plaintiff alleges that Defendant J. Carter, as the Chief of the State Hospitals, is responsible for the training and supervision of the employees and responsible for their conduct and for their unlawful sexual conduct with patients from October 2012 throughout 2013 and through February 8, 2015. Defendant J. Carter failed to protect Plaintiff.   Plaintiff alleges that Defendant Ahlin, as the Executive Director from 2008–13, has a duty to protect him and is responsible for the health and safety of all patients, but failed to protect him.  Defendant received information from Plaintiff about sex rings, and Defendant Audrey King from 2014–2015 knew of the sex rings. (ECF No. 30, p. 26–27 of 112.)  As best the Court can decipher, Plaintiff alleges that all of the staff, administrators and executives knew of the sex rings and did nothing.  The allegations are repetitive and confusing and difficult to read with the pencil used by Plaintiff.  Plaintiff also attaches some 90 pages of mostly illegible handwritten documents.

### IV. Discussion

#### A. Pleading Deficiencies

##### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting

Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57; Moss, 572 F.3d at 969.

Plaintiff's complaint is neither short nor plain. Plaintiff's complaint totals twenty-five pages of nearly illegible statements and over 90 pages of exhibits. In fact, the amended complaint is less clear than the original complaint. Plaintiff's amended complaint does not clearly set forth the factual allegations underlying his claims; purported facts are interspersed with conclusory recitations of legal elements, which are repeated throughout the complaint. A short plain statement of the facts is just that, short and plain. In addition, Plaintiff need not allege in graphic detail each of the 3 sexual encounters with Defendant Perez. It is sufficient to state the date and that he was forced to engage in a sexual act without his consent. Plaintiff's complaint must be full and complete in and of itself, and the Court will not refer to other pleadings or exhibits to piece together potential claims.

## 2.     Federal Rule of Civil Procedure 18

Plaintiff is raising numerous claims based on discrete events against different defendants. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Ins. Co. of N. Amer., 623 F.3d 1371, 1375 (9th Cir. 1980). O nly if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not assert multiple claims against unrelated defendants in this action. Plaintiff appears to allege an overarching conspiracy between various public officials at the State Hospital system as to the alleged "sex rings." However, these allegations are improperly joined with claims of specific acts of sexual abuse by Defendant Perez. Further, any of Plaintiff's purported claims as to violation of Victim Rights or of Patient Rights are not properly joined in

this action.

### 3. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. Cty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nev. ex rel. Nev. Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393–94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205−08 (9th Cir. 2011).

Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. This requires the presentation of factual allegations sufficient to state a plausible claim for relief against each defendant. Iqbal, 556 U.S. at 678–79; Moss, 572 F.3d at 969. The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. However, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiff has named what looks like every employee, administrator and executive for the State Hospitals. Plaintiff has failed to link each person to the alleged wrongful conduct by Defendant Perez.

### 4. Official Capacity

Plaintiff sues each Defendant in their individual capacity and in their official capacity. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dep't. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Suits for injunctive relief are also generally

barred. See Nat'l Audubon Soc'y v. Davis, 307 F.3d 835, 847 (9th Cir. 2002). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. Sys., 939 F.2d 676, 680 n.2 (9th Cir. 1991).

Thus, Plaintiff may only proceed against any defendant for money damages in their individual capacity.

### 5. Supervisory Liability

To the extent Plaintiff seeks to hold Defendants Audrey King, Pamela Ahlin, and Jack Carter (or any other defendant) liable based upon their supervisory positions, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff has not alleged that these Defendants were personally involved in an alleged constitutional deprivation, or that any of them instituted a deficient policy.

### B. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The "rights of civilly committed persons are protected by the Due Process Clause of the

Fourteenth Amendment and not the Cruel and Unusual Punishment Clause of the Eighth Amendment." Smith v. Napa State Hosp., No. CV 16-7700-JAK (KK), 2016 WL 6892137, at *5 (C.D. Cal. Nov. 22, 2016). This due process standard recognizes the state is entitled to hold such a person in custody, and that the detainee's confinement raises "concerns similar to those raised by the housing of pretrial detainees, such as the legitimate institutional interest in the safety and security of guards and other individuals in the facility, order within the facility, and the efficiency of the facility's operations." Andrews v. Neer, 253 F.3d 1052, 1061 (9th Cir. 2001) (citing Johnson-El v. Schoemehl, 878 F.2d 1043, 1048 (8th Cir. 1989)).

The standard applicable to Fourteenth Amendment excessive force cases is the same as the Fourth Amendment "objective" test, rather than the often harder-to-prove Eighth Amendment "subjective" standard. Kingsley v. Hendrickson, __ U.S. __, 135 S. Ct. 2466, 2470 (2015). Thus, the inquiry here, because Plaintiff was civilly committed, is whether the defendants' "actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989). The gravity of a particular intrusion on an individual's Fourth Amendment interests depends on "the type and amount of force inflicted." Chew v. Gates, 27 F.3d 1432, 1440 (9th Cir. 1994). "[E]ven when some force is justified the amount actually used may be excessive." Blankenhorn v. City of Orange, 485 F.3d 463, 477 (9th Cir. 2007) (citations and internal quotation marks omitted); see also Santos v. Gates, 287 F.3d 846, 854 (9th Cir. 2002).

A sexual assault on an inmate is deeply offensive to human dignity. Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000). Even under the more stringent Eighth Amendment standard, sexual abuse of prisoners has been held to constitute cruel and unusual punishment. Id. at 1197 ("In the simplest and most absolute of terms . . . prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse . . . .").

Plaintiff alleges that he was sexually abused by Defendant Perez on three different occasions. Plaintiff alleges that on February 8, 2015, Defendant Faith Perez forced plaintiff into having sex with her on Unit 1. Plaintiff alleges two other incidents in November 2014. Liberally construing the complaint, Plaintiff has stated a claim for excessive force in violation of the Due

8

Process clause of the Fourteenth Amendment for the incident on February 8, 2015 and the two incidents in November 2014.

### C. Failure to Protect

Officials have a duty "to take reasonable measures to guarantee the safety" of those in their care, which has been interpreted to include a duty to provide for their protection. Labatad v. Corrs. Corp. of Amer., 714 F.3d 1155, 1160 (citing Farmer, 511 U.S. at 832–33; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a plaintiff must "show that the prison officials acted with deliberate indifference." Castro v. Cty. of L.A., 833 F.3d 1060, 1068 (9th Cir. 2016). A civil detainee need only show that a prison official purposely or knowingly subjected him to a risk of serious harm that was objectively unreasonable and need not show the defendant's subjective state of mind. Castro, 833 F.3d at 1069 (citing Kingsley, 135 S. Ct. at 2472–73).

The elements of a detainee's Fourteenth Amendment failure to protect claim against an individual officer are as follows:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
(4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro, 833 F.3d at 1071.

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn[ ] on the facts and circumstances of each particular case." Id. at 1071 (internal quotations omitted).

Plaintiff states a cognizable claim against Defendant Lain. Plaintiff alleges that he told Defendant Lain on November 13, 2014 about the sexual abuse from Defendant Perez and Defendant Lain did not protect him. Plaintiff states a cognizable claim for failure to protect.

Plaintiff fails to state sufficient factual allegations to support a claim for failure to protect against any other defendant, including Defendants King, Ahlin, or Carter. The Court cannot

decipher from the illegible allegations who purportedly failed to protect Plaintiff. For each Defendant Plaintiff claims is responsible, Plaintiff fails to allege a factual basis for the Court to plausibly conclude that the Defendant did not take reasonable measures to protect Plaintiff from Defendant Perez and failed to protect him from Defendant Perez. Plaintiff's conclusory allegation that a defendant "knew" or had some generalized knowledge of purported "sex rings" is insufficient.

Plaintiff also makes some allegations about an investigation following his complaints, and attaches various documents. The Court cannot decipher from the allegations or the attachments the circumstances of such an investigation and whether that provided sufficient notice to any of the supervisory defendants, such that it would support a claim for failure to protect.

Regardless, to the extent Plaintiff is dissatisfied with the outcome or adequacy of an investigation, that is not a basis for a plausible due process claim. See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); Simmons v. Atkins, No. 116CV01447 BAMPC, 2017 WL 2868473, at *5 (E.D. Cal. July 5, 2017) (refusal to investigate religious ceremonies); Page v. Stanley, No. CV 11–2255 CAS (SS), 2013 WL 2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome"). Accordingly, Plaintiff cannot state a claim against any Defendant for failure to investigate Plaintiff's claims against Defendant Perez.

**D.     Verbal Threats**

Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

///

Plaintiff's allegations against Defendant Perez for verbal threats are insufficient to give rise to a constitutional claim.

**E.     Conspiracy**

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir.2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). To have standing to bring this type of claim, Plaintiff must also allege he suffered an actual injury. Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir. 1994).

Plaintiff makes general, omnibus allegations that the Defendants, in doing the myriad of acts alleged, were doing so in the furtherance of some grand conspiracy. Plaintiff must plead the basic elements of a civil conspiracy: an agreement and concerted action amongst the defendants in the furtherance of that agreement, and that each defendant conspired to violate Plaintiff's constitutional rights. See also Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1047 (9th Cir. 2008) (noting that a bare allegation of a conspiracy is almost impossible to defend against where numerous individuals are concerned). However, as noted above, a claim of conspiracy regarding sex rings is not properly joined with claims against Defendant Perez for sexual abuse.

**F.     Retaliation**

Allegations of retaliation against a plaintiff's First Amendment rights to speech or to petition the government may support a Section 1983 claim. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "The First Amendment rights of detainees, like those of convicted prisoners, 'may be limited or retracted if required to maintain institutional security and preserve internal order and discipline.' " Esparza v. Baca, No. CV 07-4118-PSG (OP), 2010 WL 4536786, at *7 (C.D. Cal. Aug. 31, 2010), report and recommendation adopted, No. CV 07-4118-PSG (OP), 2010 WL 4530364 (C.D. Cal. Oct. 29, 2010) (quoting Pierce v. Cty. of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008)).

A viable claim of First Amendment retaliation by a civil detainee entails five elements: (1) the plaintiff engaged in protected conduct; (2) an assertion that a state actor took some adverse action against the plaintiff; (3) the adverse action was "because of" the plaintiff's protected

conduct (i.e., "retaliatory motive"); (4) the adverse action "would chill or silence a person of ordinary firmness from future First Amendment activities;" and (5) the action did not reasonably advance a legitimate correctional goal.  See Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff fails to state a cognizable retaliation claim.  There are no facts from which the Court could find that the purported conduct of Defendant Perez was in retaliation for Plaintiff's protected conduct.  Plaintiff also fails to state a cognizable claim for retaliation against the other defendants.

## V. Conclusion and Recommendation

Plaintiff's first amended complaint states a cognizable claim for excessive force in violation of the Due Process Clause of the Fourteenth Amendment against Defendant Faith Perez for the purported two incidents which occurred in November 2014 and the one incident on February 8, 2015, and a cognizable claim for failure to protect in violation of the Due Process Clause of the Fourteenth Amendment against Defendant Lain, but fails to state any other cognizable claims.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed October 30, 2017, (ECF No. 30), for excessive force in violation of the Fourteenth Amendment against Defendant Perez and for failure to protect in violation of the Fourteenth Amendment against Defendant Lain; and
2. All other claims and Defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified

time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 27, 2018**　　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE