# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>  Plaintiff,<br><br>  v.<br><br>PEREZ, et al.,<br><br>  Defendants. | Case No. 1:16-cv-01346-AWI-BAM (PC)<br><br>SECOND ORDER DIRECTING SERVICE BY THE UNITED STATES MARSHALS SERVICE WITHOUT PREPAYMENT OF COSTS |

Plaintiff Gregory Ell Shehee ("Plaintiff") is a former county jail inmate proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Perez for excessive force in violation of the Fourteenth Amendment and against Defendant Lain for failure to protect in violation of the Fourteenth Amendment.

Service was returned unexecuted as to Defendant Lain after the Marshal was informed that the Department of State Hospitals was unable to identify any employee by the name "Jerri Lady or Jirri Lan." (ECF No. 50.)

Upon review of the subpoena, it appears that the Department of State Hospitals has misread Plaintiff's handwriting as "Jerri Lady," rather than "Jerri Lain." The correct spelling of Defendant Lain's first and last name may also differ slightly from the spelling included in Plaintiff's pleadings. In addition, pursuant to Plaintiff's allegations in the first amended

1

complaint, Defendant Lain worked as a Psych Technician in Unit 2 of Department of State Hospitals – Coalinga, during November 2014.

The Marshal shall attempt re-service with this new information. Accordingly, the Court HEREBY ORDERS that:

1. The Clerk of the Court is directed to forward the following documents to the United States Marshals Service:
    a. One (1) completed and issued summons;
    b. One (1) completed USM-285 form;
    c. One (1) copy of the amended complaint filed on October 30, 2017, plus an extra copy for the Marshals Service;
    d. One (1) copy of this order, plus an extra copy for the Marshals Service; and
    e. One (1) copy of the Court's consent form.
2. Within ten (10) days from the date of this order, the Marshals Service is directed to notify the following defendant of the commencement of this action and to request a waiver of service in accordance with the provisions of Federal Rule of Civil Procedure 4(d) and 28 U.S.C. § 566(c):

    **Jerri Lain (or Jirri Lan), Psych Technician, Unit 2, November 2014, Department of State Hospitals – Coalinga**
3. The Marshal Service is directed to retain the summons and a copy of the amended complaint in its file for future use.
4. The Marshal Service shall file the returned waiver of service, or the request for waiver of service if returned as undelivered, as soon as it is received.
5. If a waiver of service is not returned by the defendant within sixty (60) days of the date of mailing the request for waiver, the Marshals Service shall:
    a. Personally serve process and a copy of this order upon the defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), and shall command all necessary assistance from the DSH to execute this order. The Marshals Service shall maintain the confidentiality of all

information provided by the DSH under this order. In executing this order, the Marshals Service shall contact the Legal Affairs Division of the DSH and request the assistance of a Special Investigator if the Litigation Office at the institution is unable to assist in identifying and/or locating the defendant.

  b. Within ten (10) days after personal service is effected, the Marshals Office shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshals Service for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

6. If the defendant either waives service or is personally served, the defendant is required to reply to the amended complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

Dated: **August 17, 2018**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE