# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PEREZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01346-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT LAIN WITHOUT PREJUDICE FOR FAILURE TO SERVE<br><br>(ECF No. 54)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Gregory Ell Shehee ("Plaintiff") is a former county jail inmate proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. Plaintiff was a civil detainee at the time of the events at issue. This action proceeds on Plaintiff's first amended complaint against Defendant Perez for excessive force in violation of the Fourteenth Amendment and against Defendant Lain for failure to protect in violation of the Fourteenth Amendment.

**I.　Service by the United States Marshal**

On July 18, 2018, the Court issued an order directing the United States Marshal to initiate service of process in this action upon Defendants Perez and Lain. (ECF No. 49.) On August 15, 2018, the United States Marshal filed a return of service unexecuted as to Defendant Lain. (ECF No. 50.) Upon review of the subpoena, the Court ordered the Marshal to attempt re-service using a different spelling of Defendant Lain's name, and providing further information regarding Defendant Lain's job title and assignment during the events in question. (ECF No. 51.) On

1

August 21, 2018, the Marshal again filed a return of service unexecuted as to Defendant Lain. (ECF No. 52.)

On August 28, 2018, the Court issued an order requiring Plaintiff to show cause why Defendant Lain should not be dismissed from this action, within thirty days of service. Plaintiff was warned that his failure to respond would result in the dismissal of Defendant Lain from this action. (ECF No. 54.) On September 7, 2018, the order to show cause was returned as undeliverable, and Plaintiff provided an updated address on November 8, 2018. (ECF No. 57.) The order to show cause was re-served on Plaintiff the same date. More than sixty days have passed since the order was re-served, and Plaintiff has neither complied with the order nor otherwise communicated with the Court.

**II.     Legal Standard**

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte

dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421–22.

### III. Discussion

The U.S. Marshal attempted to serve Defendant Lain with the information that Plaintiff provided. However, the Marshal was twice informed that the Department of State Hospitals – Coalinga does not and has never had an employee by the name of Jerri Lady, Jerri Lain, or Jirri Lan. (ECF Nos. 50, 52.) Plaintiff was then afforded a further opportunity to show cause why Defendant Lain should not be dismissed from this action, and warned about the consequences of not complying. Plaintiff has failed to respond. Plaintiff therefore has not provided sufficient information to identify and locate Defendant Lain for service of process.

### IV. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Jerri Lain be dismissed from this action, without prejudice, for failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 8, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE