# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE, <br><br> Plaintiff, <br><br> v. <br><br> PEREZ, <br><br> Defendant. | Case No. 1:16-cv-01346-AWI-BAM (PC) <br><br> ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ORDER AMENDING SCHEDULING ORDER AND COMPELLING PLAINTIFF'S DEPOSITION <br> (ECF No. 69) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE OF DOCUMENTS <br> (ECF No. 74) |

**I.     Introduction**

Plaintiff Gregory Ell Shehee ("Plaintiff") is a former civil detainee proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant Perez for excessive force in violation of the Fourteenth Amendment.

On October 16, 2018, the Court issued a discovery and scheduling order in this action, setting the deadline for completion of all discovery for June 16, 2019.  (ECF No. 56.)  That order was served on Plaintiff on October 16, 2018, and re-served on Plaintiff on November 8, 2018, following the filing of Plaintiff's change of address.

On June 5, 2019, Plaintiff filed objections to the taking of his deposition without the Court having issued a scheduling order for discovery.  (ECF No. 67.)  As the Court's discovery and

scheduling order had been issued more than seven months prior and had been served on Plaintiff at his correct address, the objections were overruled. (ECF No. 68.)

Currently before the Court is Defendant's motion for an order amending the scheduling order, compelling Plaintiff's deposition, and imposing sanctions, filed June 11, 2019. (ECF No. 69.) Plaintiff filed an opposition on June 19, 2019, (ECF No. 70), and Defendant filed a reply on June 25, 2019, (ECF No. 71). On July 31, 2019, Plaintiff also filed a motion demanding service of documents pursuant to "Federal Rule 4." (ECF No. 74.) Plaintiff filed further objections to the taking of his deposition on September 30, 2019, (ECF No. 75), to which Defendant responded on October 9, 2019, (ECF No. 76).[1] These motions are deemed submitted. Local Rule 230(l).

## II. Defendant's Motion to Compel and for Sanctions

On May 17, 2019, Defendant served Plaintiff notice of the taking of his deposition on June 3, 2019, in Fresno, California. (Murphy Decl., ¶ 2, Exh. A; ECF No. 69-1, pp. 5-7.) The deposition notice was mailed to Plaintiff's address of record. (Id., Exh. B.) On May 29, 2019, an amended deposition notice correcting the address for the location of the deposition was sent to Plaintiff by overnight mail to his address of record. (Id., Exh. C.) Plaintiff never contacted Defendant regarding his inability to attend, or objection to, the scheduled deposition. (Id., ¶ 4.)

On June 2, 2019, defense counsel traveled to Fresno County for the deposition and appeared at the location for the scheduled deposition on June 3, 2019. (Id., ¶¶ 5–6.) Plaintiff did not appear. On June 5, 2019, two days after the scheduled deposition, Plaintiff filed his objections to the deposition with the Court, which were overruled as discussed above. (ECF No. 67.) Based on the foregoing, Defendant filed the instant motion for an order amending the scheduling order, compelling Plaintiff's deposition, and imposing sanctions. (ECF No. 69.)

In response, Plaintiff filed an opposition claiming that he has never received a discovery and scheduling order from the Court, and Defendant did not send any funds for him to travel to

---

[1] Although the objections reference the scheduling of Plaintiff's deposition, they also reference a pending trial date and motion for summary judgment that are irrelevant to the instant action. (Id.) As Defendant's response to the filing further indicates that Plaintiff's allegations in this filing are also not relevant to this action, (ECF No 76), the Court will disregard the filing in consideration of the instant motion.

2

Fresno from Lancaster, California, where he currently resides. (ECF No. 70.) Plaintiff also claims that he did not receive the deposition notice until June 2, 2019.[2] (Id.)

Defendant replies that Plaintiff's arguments do not provide a basis for denying the motion, and in fact support granting the requested relief. (ECF No. 71.) In fact, Plaintiff's repeated assertion that he never received the original discovery and scheduling order supports the conclusion that Plaintiff will not be prejudiced if the scheduling order is amended. Further, Defendant counters that Defendant is not required to pay for Plaintiff's expenses associated with the deposition, and while other arrangements may be made, Plaintiff has not requested any such relief. Finally, Defendant argues that Plaintiff's alleged lack of notice regarding the deposition date is due to his own failure to routinely check his mail. (Id.)

Plaintiff's July 31, 2019 filing, although titled as a motion, appears to be a surreply in response to Defendant's June 25, 2019 reply. (ECF No. 74.) Although unauthorized, the Court will consider the document in deciding the instant motion to compel and for other relief. In his filing, Plaintiff contends that he is entitled to service of all documents and motions pursuant to Federal Rule of Civil Procedure 4, and he has received only Defendant's first deposition notice on June 2, 2019. Plaintiff claims that he called defense counsel on June 2 and received no answer or reply. Plaintiff elaborates that he is homeless and has very little money to travel to Fresno and pay for motel rooms, food, gas, and to stay in Fresno day by day until completion of the deposition. Plaintiff argues that the deposition should have been scheduled in Lancaster, California, that Defendant is responsible for causing her own expenses by not answering his phone call or timely sending him the deposition notice. (Id.)

**III. Discussion**

    **A. Motion to Compel and Motion for Sanctions**

Depositions are governed by Federal Rule of Civil Procedure 30, which states in pertinent part that "[a] party may, by oral questions, depose any person, including a party, without leave of

---

[2] The Court notes that although received and docketed by the Court on June 5, 2019, Plaintiff's objections to the taking of his deposition are dated and signed June 1, 2019. (ECF No. 67, pp. 2, 3.) This indicates that Plaintiff received notice of the deposition at least two days prior to the date it was to take place.

court . . . ." Fed. R. Civ. P. 30(a)(1). Under Rule 30(d)(2), the Court may impose sanctions for impeding, delaying, or frustrating the fair examination of the deponent.

Based on the submissions in this case, Plaintiff has willfully refused to be deposed, impeding this litigation. Plaintiff claims that the Court's discovery and scheduling order must have gotten lost in the mail, because he checks his mail every day, and Defendant's first motion for deposition was not received by him until June 2. However, Plaintiff's original objections are dated June 1, 2019, indicating that he likely received the deposition notice at least two days prior to the scheduled date. (ECF No. 67.) Moreover, none of the Court's orders to Plaintiff's current mailing address have been returned as undeliverable, and it is Plaintiff's responsibility to provide a reliable mailing address for service. Nevertheless, even assuming Defendant's first deposition notice and the Court's discovery and scheduling order were both lost in the mail, and Plaintiff did not receive notice of the deposition until June 2, 2019, Plaintiff has repeatedly indicated his refusal to attend a deposition if Defendant does not pay for his deposition-related travel, lodging, and food expenses. (ECF Nos. 67, 70, 74.)

Plaintiff is mistaken as to Defendant's obligation to pay for expenses Plaintiff may incur for his deposition. Nothing in the Federal Rule of Civil Procedure 30 requires payment of travel or other expenses by a party seeking to take the deposition of another party. As he is the plaintiff in this action, Defendant is entitled to take Plaintiff's deposition, and he has unreasonably refused to comply by requiring up front payment of his travel costs and other expenses. Although Plaintiff should not be required to travel an unreasonable distance for his deposition, there is only the barest indication that Plaintiff attempted to make such a request to defense counsel prior to the date of his deposition. Instead, he filed numerous objections and demands for payment of his costs to the Court, and apparently refuses to be deposed unless those demands are met. This failure to participate in discovery is in violation of Rules 30 and 37. Plaintiff's discovery obligation under the Federal Rules of Civil Procedure does not permit him to abdicate his responsibility to attend and participate in his deposition unless certain monetary conditions are first met.

///

Accordingly, the Court will require the parties to meet and confer, in person or by telephone, and agree on a **date and appropriate location** for Plaintiff's deposition, to be taken on or before **May 8, 2020**. Plaintiff's deposition shall take place on a single day and shall be limited to seven (7) hours. Fed. R. Civ. P. 30(d)(1). While a close question at this juncture, given the lack of clarity regarding when Plaintiff received notice of the deposition and whether he attempted to contact defense counsel prior to the deposition date to communicate his objections, the Court declines to impose sanctions. If Plaintiff fails to cooperate in his deposition or fails to appear on the date and at the location mutually selected, the Court will issue findings and recommendations recommending that this action be terminated for Plaintiff's failure to obey a court order and failure to cooperate in discovery. See Fed. R. Civ. P. 37(b)(2)(A)(v).

### B. Motion for Order Amending the Scheduling Order

Based on the discovery dispute, Defendant seeks amendment of the discovery and scheduling order to extend the discovery deadline for the limited purpose of taking Plaintiff's deposition, with the dates for filing a dispositive motion similarly extended.

The Court finds good cause for the requested extensions of time. Accordingly, the discovery and scheduling order is amended as follows: the deadline for the completion of any pending discovery, including filing all motions to compel and the taking of Plaintiff's deposition, as discussed above, is **May 8, 2020**; and the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is **July 7, 2020**.

### C. Plaintiff's Motion for Service of All Documents

As to Plaintiff motion requesting service of "all documents and motions according to the Federal rule of civil procedure 4," (ECF No. 74), the motion is denied. Initially, it is unclear whether Plaintiff is referring to all documents that have already been filed in this action, or whether Plaintiff is referring to service of documents in the future. If Plaintiff is referring to past-filed documents, Plaintiff should specify which documents he believes he is missing, rather than requesting re-service of "all" documents. Plaintiff is reminded that he is obligated to keep copies of documents he sends to the Court for filing. The Clerk's Office will provide copies of documents from the docket sheet at a cost of $0.50 per page. Plaintiff's *in forma pauperis* status

does not obviate the requirement to pay such copy costs.

If, on the other hand, Plaintiff is requesting that Defendant properly serve him with all documents in the future, the Court declines to issue such an order to essentially require Defendant to comply with the Federal Rules of Civil Procedure and Local Rules already in place.

Plaintiff is reminded that if he is having difficulty receiving mail at his current mailing address, it is his responsibility to keep the Court and parties updated with a current and functional mailing address.

## IV. Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendant's motion for an order amending the scheduling order, compelling Plaintiff's deposition, and imposing sanctions, (ECF No. 69), is GRANTED IN PART;
2. Plaintiff's motion for service of documents, (ECF No. 74), is DENIED;
3. The parties shall meet and confer, in person or by telephone, and agree on a **date and appropriate location** for Plaintiff's deposition, to be taken on or before **May 8, 2020**;
4. The October 16, 2018 discovery and scheduling order is amended, as follows:
    a. The deadline for the completion of any pending discovery, including filing all motions to compel and the taking of Plaintiff's deposition, as discussed above, is **May 8, 2020**;
    b. The Deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is **July 7, 2020**; and
5. **Plaintiff is expressly warned that the failure to cooperate in selecting the date and location for his deposition, or attending and participating in his deposition, will result in a recommendation to dismiss this action for failure to obey a court order**.

IT IS SO ORDERED.

Dated: __March 9, 2020__    /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE

6