1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE, | Case No.  1:16-cv-01346-AWI-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PROSECUTION AND FAILURE TO COMPLY WITH COURT ORDER |
| v. | |
| PEREZ, | |
| Defendant. | (ECF No. 78) |
| | **FOURTEEN (14) DAY DEADLINE** |

I.    **Procedural Background**

Plaintiff Gregory Ell Shehee ("Plaintiff") is a former civil detainee proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant Perez ("Defendant") for excessive force in violation of the Fourteenth Amendment.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 16, 2018, the Court issued a discovery and scheduling order.  (ECF No. 56.) That order was served on Plaintiff on October 16, 2018, and re-served on Plaintiff on November 8, 2018, following the filing of Plaintiff's change of address.

On June 5, 2019, Plaintiff filed objections to the taking of his deposition without the Court having issued a scheduling order opening discovery.  (ECF No. 67.)  As the Court's discovery

1

and scheduling order had been issued more than seven months prior and had been served on Plaintiff at his correct address, the objections were overruled.  (ECF No. 68.)

On June 11, 2019, Defendant filed a motion for an order amending the scheduling order, compelling Plaintiff's deposition, and imposing sanctions.  (ECF No. 69.)  Defendant argued that on May 17, 2019, Defendant served Plaintiff notice of the taking of his deposition on June 3, 2019, in Fresno, California.  (ECF No. 69-1, pp. 5–7.)  On May 29, 2019, an amended deposition notice correcting the address for the location of the deposition was sent to Plaintiff by overnight mail to Plaintiff's address of record.  (Id., Exh. C.)  Plaintiff did not appear for his deposition, and thereafter filed his objections to the taking of his deposition.  (ECF No. 67.)

Following full briefing on the motion, on March 10, 2020, the Court granted Defendant's motion in part, reiterating Plaintiff's obligation to cooperate in the taking of his deposition but declining to impose sanctions.  (ECF No. 77.)  The Court ordered the parties to meet and confer and agree on a date and appropriate location for Plaintiff's deposition, to be taken on or before May 8, 2020.  Plaintiff was warned that his failure to cooperate in his deposition or failure to appear on the date and location mutually selected would result in issuance of findings and recommendations that this action be terminated for Plaintiff's failure to obey a court order and failure to cooperate in discovery.  (Id.)

On May 11, 2020, the Court's March 10, 2020 order, which was mailed to Plaintiff's address of record, was returned as "Undeliverable, Return to Sender, Not Deliverable as Addressed."  Plaintiff's notice of change of address was therefore due on or before July 13, 2020. Local Rule 183(b).

On July 7, 2020, Defendant filed the instant motion to dismiss for lack of prosecution and failure to comply with court order.  (ECF No. 78.)  The deadline for Plaintiff to file his opposition has expired, and Plaintiff has not opposed the motion or otherwise communicated with the Court. The motion is deemed submitted.  Local Rule 230(l).

**II.     Motion to Dismiss**

Pursuant to the Court's March 10, 2020 order granting in part Defendant's motion to compel Plaintiff's deposition, Plaintiff was required to meet and confer with Defendant and agree

2

1  on a date and appropriate location for Plaintiff's deposition, to be taken on or before May 8, 2020.

2  (ECF No. 77.)  Plaintiff was expressly warned that his failure to cooperate in selecting the date

3  and location for his deposition, or to attend or participate in his deposition, would result in a

4  recommendation to dismiss this action for failure to obey a court order.  (Id. at 6.)

5          On March 11, 2020, Defendant's counsel sent correspondence to plaintiff seeking to

6  schedule his deposition and providing counsel's contact information.  (Murphy Decl., ¶ 5, Exh. B;

7  ECF No. 78-1, p. 12.)  Plaintiff did not contact counsel by either telephone or mail or take any

8  other action in an effort to comply with the Court's order and properly prosecute this action.

9  (Murphy Decl., ¶ 6; ECF No. 78-1, p. 2.)  Plaintiff has also failed to update his contact

10  information with the Court as required by Local Rule 183(b).

11          **A.      Legal Standards**

12          Plaintiff is required to keep the Court apprised of his current address at all times.  Local

13  Rule 183(b) provides that "[a] party in propria persona shall keep the Court and opposing parties

14  advised as to his or her current address."  Federal Rule of Civil Procedure 41(b) also provides for

15  dismissal of an action for failure to prosecute.[1]

16          In addition, broad sanctions may be imposed against a person or party for failure to obey a

17  prior court order compelling discovery.  Rule 37(b)(2) of the Federal Rules of Civil Procedure

18  provides that if a party fails to obey an order to provide or permit discovery, the Court may issue

19  further just orders, which may include prohibiting the disobedient party from supporting or

20  opposing designated claims or defenses, or from introducing designated matters in evidence.  Fed.

21  R. Civ. P. 37(b)(2)(A).  The Court also may dismiss the action or proceeding in whole or in part.

22  Id.  Dismissal and default are such drastic remedies, they may be ordered only in extreme

23  circumstances—i.e., willful disobedience or bad faith.  In re Exxon Valdez, 102 F.3d 429, 432

24  (9th Cir. 1996).  Even a single willful violation may suffice depending on the circumstances.

25  Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1056 (9th Cir. 1998) (dishonest

26  concealment of critical evidence justified dismissal).

27

28  ───────────────
[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute.  Hells Canyon Pres. Council v. U. S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

3

**B.     Discussion**

Plaintiff's last communication with the Court was on September 30, 2019, when he filed further objections to the taking of his deposition.  (ECF No. 75.)  Since that time, Plaintiff has failed to update his address with the Court or respond to Defendant's July 7, 2020 motion to dismiss.  Further, Plaintiff has failed to respond to Defendant's correspondence or make any effort to participate in the scheduling of his deposition, in spite of the Court's order explicitly requiring him to do so.  (ECF No. 77.)

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006).  The amount of prejudice resulting from the discovery violations and the availability of less drastic sanctions are said to be "key factors."  Wanderer v. Johnston, 910 F2d 652, 656 (9th Cir. 1990).

Given Plaintiff's failure to update his contact information with Defendant and the Court, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal.  In re PPA, 460 F.3d at 1227.  This case has been pending since 2016 and has stalled due to Plaintiff's failure to comply with the Court's discovery orders or to update his contact information.

The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal.  There is a rebuttable presumption of prejudice to a defendant that arises when a plaintiff unreasonably delays litigation.  In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994).  "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987).  The risk of prejudice is considered in relation to plaintiff's reason for defaulting.  Id.  (citing

1   Yourish v. Cal. Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)).

2        Plaintiff's refusal attend and participate in his properly noticed deposition, and his refusal

3   to cooperate in rescheduling his deposition, substantially hinders Defendant's ability to

4   investigate and defend against Plaintiff's allegations.

5        The fourth factor—public policy favoring disposition of cases on their merits—is greatly

6   outweighed by the factors in favor of dismissal discussed herein.  When a case has stalled or is

7   unreasonably delayed by a party's failure to comply with deadlines and discovery obligations, the

8   case cannot move toward resolution on the merits.  Thus, the fourth factor—public policy

9   favoring disposition of cases on their merits—is not compelling when it is thwarted by the

10  Plaintiff's dilatory and evasive conduct.

11       Finally, the Court considered lesser sanctions, but no lesser sanction is warranted.  More

12  importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other

13  reasonable alternatives available to address Plaintiff's failure to prosecute this action and his

14  failure to apprise the Court of his current address.  In re PPA, 460 F.3d at 1228–29; Carey, 856

15  F.2d at 1441.  In granting Defendant's motion to compel, the Court expressly warned Plaintiff

16  that his failure to cooperate in selecting the date and location for his deposition, or to attend and

17  participate in his deposition, would result in a recommendation to dismiss this action for failure

18  to obey a court order.  (ECF No. 77, p. 6.)  The Court's warning to a party that failure to obey the

19  Court's order will result in dismissal can satisfy the "consideration of alternatives" requirement.

20  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (citing Malone, 833 at 132–33; Henderson v. Duncan,

21  779 F.2d 1421, 1424 (9th Cir. 1986)).  Further, to the extent Plaintiff never received the Court's

22  order, it is Plaintiff's responsibility to ensure that he has provided updated contact information to

23  the Court, which he has failed to do.

24       For these reasons, the undersigned finds that terminating sanctions are justified and

25  recommends granting Defendant's motion to dismiss.

26  **III.     Conclusion and Recommendation**

27       Accordingly, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss,

28  (ECF No. 78), be GRANTED, based on Plaintiff's failure to comply with a court order and failure

1    to prosecute.

2          These Findings and Recommendations will be submitted to the United States District

3    Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

4    **days** after being served with these Findings and Recommendations, the parties may file written

5    objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

6    Findings and Recommendations."  The parties are advised that failure to file objections within the

7    specified time may result in the waiver of the "right to challenge the magistrate's factual

8    findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v.

9    Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

10

11   IT IS SO ORDERED.

12       Dated:   **August 10, 2020**                    /s/ *Barbara A. McAuliffe*

13                                                    UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28